UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ROBIN STASCHEIT, *et al.*,       )
                                 )
            Plaintiffs,          )
                                 )
v.                               )        No. 1:13-cv-346-CLC-SKL
                                 )
O'SPRINGS INN-N, LLC, D/B/A HOLIDAY )
INN EXPRESS,                     )
                                 )
            Defendant.           )

# ORDER

Before the Court is Plaintiffs' motion to quash subpoenas *duces tecum* served by Defendant on Plaintiffs' current and former employers [Doc. 13]. The parties have fully briefed the issues on an expedited basis [Doc. 14, 16, 17], and this matter is now ripe.

## I.    BACKGROUND

This is an employment discrimination case, involving allegations of race discrimination and retaliation in violation of Title VII. Plaintiff Robin Stascheit ("Stascheit") was a former manager at Defendant's Holiday Inn motel in Ooltewah, Tennessee; Plaintiff Corbin Leach ("Leach") was the executive housekeeper and he reported directly to Stascheit; and Plaintiff Carmen Frieson ("Frieson") was an assistant housekeeping employee and she reported directly to Leach. Stascheit alleges she was retaliated against for hiring too many African-American employees to work at the motel. Leach and Frieson allege they were terminated from employment because they are African-American. Leach also alleges he was denied a promotion because of his race.

Defendant denies Plaintiffs were terminated or retaliated against for any unlawful reason. Defendant instead contends Stascheit was terminated because of substandard performance of the

motel she managed, Leach was terminated because he neglected to properly supervise Frieson and failed to ensure guests received a clean room, and Frieson was terminated for leaving work during her shift without first "clocking out."

After Plaintiffs refused to enter general employment records releases because they contended the releases were overbroad, Defendant issued nearly identical subpoenas to Plaintiffs' pre-Defendant and post-Defendant employers seeking the production of records concerning Plaintiffs under Fed. R. Civ. P. 45. Of the 11 subpoenas, six concern Stascheit [Doc. 13-1, Page ID #58-93], three concern Leach [*id*. at Page ID # 94-111], and two concern Frieson [*id*. at Page ID # 112-23]. Each subpoena was accompanied by a cover letter stating the subpoenaed-employer was not required to respond to the subpoena at that time because of the parties' dispute about the relevancy of the requested information [Doc. 13-1]. Each subpoena listed the date and time for the production of documents and information as "To Be Determined" [*id*.].

The Court ordered expedited briefing on the motion to quash and further ordered Defendant and its counsel not to open or review materials or information received in response to the subpoenas, if any, until the Court had an opportunity to address the motion to quash [Doc. 15].

## II.    ANALYSIS

At issue is whether Defendant is entitled to obtain Plaintiffs' employment records from pre-Defendant and post-Defendant employers in discovery. The parties agree they attempted to resolve this issue in good faith and were unable to do so. Defendant has not contested Plaintiffs' standing to quash the subpoenas.

Plaintiffs argue their employment records from pre-Defendant employers are wholly irrelevant and therefore not discoverable, especially since Defendant's primary justification during the conferral process for seeking such records was the pursuit of after-acquired evidence.

2

Plaintiffs contend that because Defendant cannot provide any proof to support its suspicion that Plaintiffs' personnel records from pre-Defendant employers would give rise to an after-acquired evidence defense or credibility issues, Defendant's subpoenas are nothing more than an impermissible "fishing expedition." Defendant does not agree that it sought the records only for after-acquired evidence purposes and instead argues the pre-Defendant employment records are reasonably calculated to lead to the discovery admissible evidence because they bear on Plaintiffs' performance and disciplinary histories, job skills, professional qualifications, damages and their overall credibility.

Plaintiffs argue their employment records from post-Defendant employers are not discoverable because Plaintiffs have already provided responses to discovery including W-2s from post-Defendant employers, tax returns, offer letters from post-Defendant employers, and Social Security Administration records allowing Defendant access to their post-Defendant earnings. With respect to the types of benefits they received from post-Defendant employers, Plaintiffs contend the benefit information is readily apparent from information available directly from them. Plaintiffs also argue Defendant's claims that the personnel records might reflect possible misrepresentations by Plaintiffs or other claims of discrimination are unsupported speculation. Defendant argues employment records from Plaintiffs' post-Defendant employers will likely reflect on mitigation, the viability of Plaintiffs' claims for front and back pay, and credibility, particularly as it relates to any statements they made about their reasons for their separation from Defendant's employment. Defendant claims that without information from Plaintiffs' post-Defendant employers, it would be forced to rely on Plaintiffs' representations about their post-Defendant employment history without verification.

Turning to the subpoenas, the scope of information requested in each subpoena is

3

extremely broad. Each subpoena states: "Please produce any and all files and documents regarding [Plaintiff] in your care, custody, possession, or control. This request encompasses every single document contained in any files in your possession, custody, or control regardless of who prepared such document or where the document originated that refer, relate to or concern [Plaintiff]. Documents include all written, printed, electronic, typed, reported, recorded, or graphic matter of information maintained in a computer database, and all photographic matters and /or reproduction tapes, records, or other devices. Documents also include correspondence, notes, e-mail messages, charts, graphs, and memoranda." [Doc. 13-1]. Each subpoena then lists 12 or 14 expansive categories of documents that refer to, relate to, or concern each Plaintiff.

Both parties submitted extensive arguments and citation to authority about the discoverability of employment records. Not surprisingly, the cases cited by the parties are fact intensive and there is authority to support each side's contentions. It would serve no valid purpose to repeat the holdings of the various cases, which are adequately set out in the parties' briefs.

A subpoena is overbroad if it is not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Under Rule 26 of the Federal Rules of Civil Procedure, the parties may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense. For good cause, the court may also order discovery of any matter relevant to the subject matter of the action. The information sought need not be admissible in court, and the burden of establishing relevancy is met where a party shows the information sought appears reasonably calculated to lead to the discovery of admissible evidence. There are, however, ultimate and necessary boundaries to discovery. *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "It is well established that the scope of discovery is within the sound

4

discretion of the trial court." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994) (quoting *United States v. Guy*, 978 F.2d 934, 938 (6th Cir. 1992)). Thus, the Court may limit discovery otherwise allowed by the rules. Fed. R. Civ. P. 26(b)(2)(C).

Rule 26 provides: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . ." Fed. R. Civ. P. 26(c)(1). "[T]he Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request." *OSU Pathology Servs., LLC v. Aetna Health, Inc.*, No. 2:11-cv-005, 2011 WL 738051, at *4 (S.D. Ohio Feb. 24, 2011); *see also Medison Am., Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x 656, 660 (6th Cir. 2009).

While there are legitimate reasons to obtain some records from both the pre-Defendant and the post-Defendant employers, the subpoenas at issue request every scrap of information of any kind that refers to, relates to, or concerns each Plaintiff. The subpoenas as currently worded would likely lead to the discovery of admissible evidence, but they are not sufficiently tailored so as to avoid sweeping in a host of irrelevant or otherwise inadmissible documents, and therefore they are overly broad. *See Langenfeld v. Armstrong World Indus., Inc.*, No. 2:13-cv-469, 2014 WL 287386, at *4 (S.D. Ohio Jan. 24, 2014) (narrowing the language of subpoenas that were "so broadly worded" that they would encompass the entire personnel file, including family members' medical histories). The Court declines to modify the subpoenas. Instead, the Court orders the parties to confer and agree upon revised language for the issuance of subpoenas to the

5

pre-Defendant and post-Defendant employers that is significantly more narrowly tailored.

In order to assist the parties in this regard, the Court notes that documents subject to subpoena *duces tecum* may properly include performance reviews and evaluations, reasons for termination, and other complaints of discrimination from pre-Defendant and post-Defendant employers. *See Langenfeld*, 2014 WL 287386, at *2-3 (finding that the defendant's "discovery requests seeking information about Plaintiff's job performance, discipline, performance reviews, complaints, attendance, and/or termination of employment, as it relates to Plaintiff's prior employment . . . are within the scope of Rule 26"); *Levitin v. Nationwide Mut. Ins. Co.*, No. 2:12-cv-34, 2012 WL 6552814, at *3 (S.D. Ohio Dec. 14, 2012) (finding that "Plaintiff's performance reviews, evaluations, complaints, and reasons for termination fall within the scope of permissible discovery" because "[s]uch records could bear on or could reasonably lead to other matters that could bear the credibility of Plaintiff's allegations . . ."); *Stewart v. Orion Fed. Credit Union*, 285 F.R.D. 395, 398-99 (W.D. Tenn. 2012) (finding that the plaintiff's performance reviews and evaluations, resumes and applications for employment, and reasons for termination from plaintiffs' prior, subsequent, and current employers were within the scope of permissible discovery); *Serrano v. Cintas Corp.*, No. Civ.A. 04-40132, 2006 WL 585714, at *1-2 (E.D. Mich. Mar. 9, 2006) (finding that defendant's subpoenas to plaintiffs' past and present employers seeking "personnel and pay records, correspondence, documented complaints and litigation" were permissible under the broad scope of Rule 26). In addition, Defendant may obtain from post-Defendant employers job applications and a record of benefits and compensation paid to Plaintiffs. *See Stewart*, 285 F.R.D. at 398-99 (citing *Harroald v. Triumph Structure-Wichita, Inc.*, No. 10-1281-JAR-KGG, 2011 WL 2118648, at *2 (D. Kan. May 27, 2011)) (finding "that plaintiffs' job applications and resumes submitted to their current employers are discoverable").

### III.  CONCLUSION

Accordingly, Plaintiffs' motion to quash the subpoenas [Doc. 13] is **GRANTED** and the subpoenas *duces tecum* are **QUASHED**.  Defendant may serve more narrowly-tailored subpoenas *duces tecum* upon Plaintiffs' prior, subsequent, and current employers, but only if the parties confer to reasonably revise and narrow any future subpoenas (before they are issued) consistent with this Order.  If, after conferring in good faith, the parties remain unable to agree on said subpoenas, the parties are **DIRECTED** to jointly contact the undersigned's chambers for further Court intervention, which may include sanctions.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE